UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | :  22-MJ-05044-JGD |
| | : |
| JACQUELYN MAHONEY, | : |
| Defendant. | : |

DEFENDANT'S MOTION FOR APPROPRIATE MEDICAL CARE

Defendant Jacquelyn Mahoney, by and through undersigned counsel, moves this Court to enter an Order requiring that she be housed in a facility that provides appropriate medical care for recovering opioid addicts. Ms. Mahoney is currently housed at the Donald W. Wyatt Detention Facility ("Wyatt") in Central Falls, Rhode Island, a privately-operated maximum-security facility. According to its website:

> The Donald W. Wyatt Detention Facility, located in Central Falls, RI, is operated by the Central Falls Detention Facility Corporation (CFDFC). It is a quasi-public corporation governed by a five-member Board of Directors appointed by the Mayor of Central Falls. The Board, in turn, appoints an administrator of the corporation who is responsible for overseeing the management and overall operation of the corporation and the Donald W. Wyatt Detention Facility. The Facility operates at maximum security providing housing for up to 730 adult male and up to 40 adult female detainees

Many, if not most of the pretrial detainees for the District of Massachusetts are housed at Wyatt while awaiting trial and/or sentencing.

On April 1, 2022, the United States Attorney for the District of Massachusetts issued a press release heralding a significant milestone in the treatment of incarcerated persons in Massachusetts. The press release stated in its opening paragraph:

> The U.S. Attorney's Office announced today that it has completed a review to ensure that state and county correctional facilities will maintain all medications used to treat Opioid Use Disorder (MOUD) for people already in treatment for Opioid Use Disorder (OUD) prior to entering a carceral facility's custody, as required by the Americans with Disabilities Act.

The press release went on to say that "OUD is considered a disability under the ADA, which requires that jails and prisons maintain the medications of individuals in treatment for their OUD."

Perhaps ironically, then, it is surprising to note that Wyatt, which houses federal inmates pursuant to contracts with the federal government, does not abide by the Americans with Disabilities Act ("ADA") and does not provide suboxone for inmates who have opioid addictions. Ms. Mahoney is such a person; she has been taking suboxone regularly for the past year or more as part of her fight against her addiction. We attach a sampling of Ms. Mahoney's medical records showing that she has been prescribed Buprenorphine-naloxone (suboxone). The United States Department of Health and Human Services says that Buprenorphine is a medication approved by the Food and Drug Administration (FDA) to treat Opioid Use Disorder (OUD) as a medication-assisted treatment (MAT).[1] Specifically,

> **The following buprenorphine products are FDA approved for the treatment of OUD:**
>
> - Generic Buprenorphine/naloxone sublingual tablets
> - Buprenorphine sublingual tablets (Subutex)
> - Buprenorphine/naloxone sublingual films (Suboxone)

The USAO settlement with the state and county jails would ring somewhat hollow if it did not cover the inmates the USAO themselves cause to be incarcerated. We ask that Ms.

---

[1] https://www.samhsa.gov/medication-assisted-treatment/medications-counseling-related-conditions/buprenorphine

Mahoney be administered suboxone at Wyatt or that she be transferred forthwith to a facility that will comply with the law.

Respectfully submitted,

/s/ Stephen G. Huggard
Stephen G. Huggard (BBO#622699)
stevehuggard@huggardlaw.com
HUGGARD LAW LLC
101 Arch Street, 8th Floor
Boston, Massachusetts 02110
(617) 875-2622

April 27, 2022

## Rule 7.1 Certificate

I, Stephen G. Huggard, hereby certify that, pursuant to Local Rule 7.1, I have conferred with opposing counsel in an effort to resolve or narrow this issue by telephone correspondence.

## Certificate of Service

I, Stephen G. Huggard, hereby certify that, pursuant to Local Rule 5.2(b)(2), on this 27th day of April 2022, the foregoing document was filed electronically through the ECF system, is available for viewing and downloading from the ECF system, and will be sent electronically to counsel of record as registered participants identified on the Notice of Electronic Filing.

/s/Stephen G. Huggard